■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS WILLIAMS, JR., Appellant.— Appeal unanimously dismissed, appellant being now deceased. As stated in *People* v. *Mintz* (20 N Y 2d 770) "the entire criminal prosecution has abated by reason of his death". (Appeal from judgment of Monroe County Court convicting defendant of criminal possession of dangerous drug, fifth degree.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOHN DOE. (WILLIAM M. KUNSTLER.) — Application on behalf of prisoners denied. Memorandum: No appeal lies from an order denying a motion to quash or modify a subpoena issued in the course of a 'Grand Jury investigation, nor from an order denying a stay of enforcement of the subpoena, nor from an order denying a motion to intervene on such motion. (*Matter of Ryan* [*Hogan*]), 306 N. Y. 11, 16; *Matter of Turecamo Constr. Co.,* 260 App. Div. 253, 255.) Further, no proceeding is pending in this court upon which to base an application for a stay. Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Henry, JJ. (Order entered Sept. 21, 1972.)

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOHN DOE. (WILLIAM M. KUNSTLER.) — Application by William M. Kunstler denied. Memorandum: No appeal lies from an order denying a motion to quash or modify a subpoena issued in the course of a Grand Jury investigation, nor from an order denying a stay of enforcement of the subpoena. (*Matter of Ryan* [*Hogan*], 306 N. Y. 11, 16; *Matter of Turecamo Constr. Co.,* 260 App. Div. 253, 255.) Further, no proceeding is pending in this court upon which to base an application for a stay. Moreover, movant may protect his alleged privilege, if any, upon the examination, at which time the merits thereof may be better examined and determined. Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Henry, JJ. (Order entered Sept. 21, 1972.)